1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10

11 ROBERT ARRUDA,                    2:06-cv-2308-MCE-EFB

12          Plaintiff,

13     v.                            MEMORANDUM AND ORDER

14 C&H SUGAR COMPANY, INC.;
   KYLE STRADLEIGH; and DOES
15 1 through 100, inclusive,

16          Defendants.

17
                         ----oo0oo----
18

19     In this action, Plaintiff Robert Arruda ("Plaintiff") seeks

20 to maintain discrimination claims against Defendants C&H Sugar

21 Company, Inc. and Kyle Stradleigh ("Defendants").

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

1  On September 22, 2006, Plaintiff filed claims in Sacramento

2 Superior Court alleging that the Defendants discriminated against

3 him based on his mental disability in violation of the California

4 Fair Employment and Housing Act, California Government Code

5 sections 12900 et seq. ("FEHA"); that Defendants violated the

6 California Family Rights Act, Government Code section 12945.2

7 ("CFRA"); and that Defendants wrongfully terminated Plaintiff in

8 violation of public policy.  In addition, Plaintiff asserted that

9 Defendants violated the Family Medical Leave Act, 29 U.S.C.

10 sections 2601 et seq, ("FMLA").  Defendants removed the matter to

11 this Court on October 17, 2006.

12  Defendants now move to dismiss Plaintiff's entire action for

13 failure to state a claim upon which relief can be granted,

14 pursuant to Federal Rule of Civil Procedure 12(b)(6), on grounds

15 that Plaintiff is judicially estopped from bringing the present

16 action because of his failure to properly disclose the underlying

17 claim in earlier bankruptcy proceedings.

18  For the reasons set forth below, Defendants' Motion is

19 granted.

20

21  **BACKGROUND**

22

23  Defendants allegedly fired Plaintiff in late 2004 after

24 Plaintiff's mental condition made it impossible to work from July

25 2004 to October 2004.  On January 19, 2005, Plaintiff filed a

26 Complaint with the California Department of Fair Employment and

27 Housing ("DFEH") alleging that Defendant had wrongfully fired him

28 due to a mental disability.

1  Plaintiff received a right to sue notice for that complaint on

2  January 27, 2005.

3       Plaintiff thereafter instituted bankruptcy proceedings,

4  retained bankruptcy counsel, and prepared his bankruptcy

5  schedules on September 20, 2005.[1]

6  Plaintiff indicated in his schedules that he had not been a party

7  to any suit or administrative proceeding within a year prior to

8  filing.  Plaintiff also indicated that he had no contingent and

9  no non-liquidated claims of any nature.

10      Plaintiff filed a First Amended Complaint with the DFEH on

11 September 30, 2005 in which he named C&H Sugar and Kyle

12 Stradleigh as Defendants.  Plaintiff received a right to sue

13 notice as to that complaint on October 3, 2005.

14      On October 4, 2005, one day after receiving the right to sue

15 notice on the First Amended Complaint filed with DFEH, Plaintiff

16 filed for Chapter 7 bankruptcy.

17      On November 1, 2005, Plaintiff and bankruptcy counsel

18 appeared before the bankruptcy trustee at a Meeting of the

19 Creditors hearing pursuant to 11 U.S.C.S. Section 341(a).  No

20 creditors attended the meeting.  During the hearing, Plaintiff

21 informed the trustee of his potential wrongful termination claim,

22 but no other claims.  Plaintiff did not inform the trustee of his

23 disability discrimination claim, his claim under the Family

24 Medical Leave Act ("FMLA"), or his claim for a violation under

25 California Family Rights Act ("CFRA").

26 _____

27      [1]  Defendants have requested that the Court take judicial
   notice of documents filed in the course of those bankruptcy
28 proceedings pursuant to Federal Rule of Evidence 201(b).  That
   request is unopposed and is granted.

1 The trustee and Plaintiff's bankruptcy counsel discussed

2 receiving a right to sue letter, however there was no mention

3 that Plaintiff had a potential discrimination claim.  Plaintiff's

4 bankruptcy counsel indicated to the trustee that the wrongful

5 termination claim was for six to seven months of lost wages, but

6 as an offset, Plaintiff had a recoupment claim for unemployment

7 benefits he received in the amount of approximately $10,000.00.

8      On January 4, 2006, the Bankruptcy Court discharged

9 Plaintiff's debts, and on January 12, 2006, Plaintiff's

10 bankruptcy proceedings ended.  On January 27, 2006, Plaintiff

11 commenced this action.

12

13                              **STANDARD**

14

15      On a motion to dismiss for failure to state a claim under

16 Rule 12(b)(6), all allegations of material fact must be accepted

17 as true and construed in the light most favorable to the

18 nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

19 337-38 (9th Cir. 1996).  A complaint will not be dismissed for

20 failure to state a claim "'unless it appears beyond doubt that

21 plaintiff can prove no set of facts in support of [his or] her

22 claim that would entitle [him or] her to relief.'"  Yamaguchi v.

23 Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997)

24 (quoting Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545

25 (9th Cir. 1996)).  A court may take judicial notice of facts

26 outside the pleadings and doing so does not convert a Rule

27 12(b)(6) motion to one for summary judgement.

28 ///

1  Mack v. S. Bay Beer Distrib., 798 F.2d 1279, (9th Cir. 1986),

2  (abrogated on other grounds by Astoria Fed. Sav. and Loan Ass'n

3  v. Solimino, 501 U.S. 104, (1991); Phillips v. Bureau of Prisons,

4  591 F.2d 966, 969 (D.C. Cir. 1979).

5       If the court grants a motion to dismiss a complaint, it must

6  then decide whether to grant leave to amend.  The court should

7  "freely give[]" leave to amend when there is no "undue delay, bad

8  faith[,] dilatory motive on the part of the movant, . . . undue

9  prejudice to the opposing party by virtue of . . . the amendment,

10  [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);

11  Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to

12  amend is only denied when it is clear that the deficiencies of

13  the complaint cannot be cured by amendment.  DeSoto v. Yellow

14  Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

15

16                              **ANALYSIS**

17

18  **1.   Plaintiff is judicially estopped from bringing his action
    against Defendants for alleged violations of the FEHA, CAFRA,**

19  **FMLA, and for wrongful termination because Plaintiff failed to
    include these claims on his bankruptcy schedules.**

20

21       The Ninth Circuit addressed the question of judicial

22  estoppel in the bankruptcy context in Hamilton v. State Farm Fire

23  and Casualty Co. 270 F.3d 778 (9th Cir. 2001).  In Hamilton, the

24  plaintiff, Hamilton, made a claim with his insurance company,

25  State Farm, for a loss to his house which he alleged occurred

26  immediately after tenants vacated the property.  Hamilton, 270

27  F.3d at 780-82.  Subsequent to the claim, Hamilton was unable to

28  make the mortgage payments on the property.  Id.

                                   5

1  Hamilton's lawyers sent letters on August 4 and October 16, 1997

2  to State Farm indicating his need for the insurance money to

3  maintain the mortgage payments.  Id.  In the letters, Hamilton

4  threatened litigation and suggested that State Farm might be

5  handling the claim in bad faith.  Id.  On October 31, 1997,

6  Hamilton filed for Chapter 7 bankruptcy and failed to list the

7  potential claim against State Farm on the bankruptcy schedules.

8  Id.  The bankruptcy court discharged Hamilton's debts in April

9  1998.  Hamilton, 270 F.3d 778 at 780-782.  Hamilton filed suit

10 against State Farm in October 1998 alleging breach of covenant of

11 good faith and fair dealing and breach of contract.  Id.

12      In affirming the district court's grant of dismissal to

13 State Farm, the Ninth Circuit relied on United States Supreme

14 Court precedent and identified three factors to be considered in

15 deciding whether judicial estoppel is warranted: (1) whether the

16 party's later position in the judicial proceeding is clearly

17 inconsistent with an earlier position before another court; (2)

18 whether the party has succeeded in persuading the first court to

19 accept the party's earlier position so that accepting an

20 inconsistent position in the later proceeding would create the

21 perception that one of the two courts had been misled; and (3)

22 whether the party seeking to assert the inconsistent position

23 would derive an unfair advantage or impose and unfair detriment

24 if not estopped.  Hamilton, 270 F.3d at 783, (citing N.H. v. Me.,

25 532 U.S. 742, 121 S.Ct. 1808, 1815 (2001)).

26 ///

27 ///

28 ///

1  This Court finds that Plaintiff's actions fall within the three

2  factors identified by Hamilton, and that Plaintiff should

3  accordingly be estopped from bringing this claim in its entirety.

4  Each of these factors will now be separately addressed.

5

6          A.   Plaintiff's later position is clearly inconsistent
   with his earlier position.

7

8       In Hamilton, the Ninth Circuit found that Hamilton asserted

9  clearly inconsistent positions by failing to list his claims

10 against State Farm on his bankruptcy schedules and then later

11 suing State Farm on the same claims.   Hamilton, 270 F.3d at 784.

12 In the present case, Plaintiff failed to list the potential claim

13 against Defendants on his bankruptcy schedules when he prepared

14 them on September 20, 2005.   In Hamilton, the Ninth Circuit held

15 that "the debtor's duty to disclose potential claims as assets

16 does not end when the debtor files schedules, but instead

17 continues for the duration of the bankruptcy proceeding."

18 Hamilton, F.3d at 785, citing Browning Mfg. v. Mims (In re

19 Coastal Plains, 179 F.3d at 208; Youngblood Group v. Lufkin Fed.

20 Sav. & Loan Ass'n, 932 F. Supp. at 867; Fed. R. Bankr. P. 1009(a)

21 (schedules may be amended as a matter of course before the case

22 is closed).   Plaintiff failed to amend his schedules throughout

23 the course of his bankruptcy, and then later commenced this

24 action on January 27, 2005, two weeks following the completion of

25 his bankruptcy proceedings.

26 ///

27 ///

28 ///

7

1    Plaintiff in the present case had a continuing duty to

2 disclose the claim as a potential asset, and failed to do so.

3 That shortcoming is clearly inconsistent with the instant

4 lawsuit, where Plaintiff asserts claims not properly disclosed in

5 his bankruptcy proceedings.

6

7          B.   The bankruptcy court sufficiently accepted
Plaintiff's earlier position.

8

9    In Hamilton, the Ninth Circuit held that the bankruptcy

10 court sufficiently accepted Hamilton's position that he had no

11 potential claim against State Farm by granting a discharge of

12 Hamilton's debts.  Hamilton, 270 F.3d at 784.  Furthermore, the

13 court held that judicial estoppel will be imposed when the debtor

14 "has knowledge of enough facts to know that a potential cause of

15 action exists during the pendency of the bankruptcy, but fails to

16 amend his [or her] schedules or disclose statements to identify

17 the cause of action as a contingent asset."  Id.  The court held

18 that Hamilton had sufficient knowledge of enough facts to know

19 that a potential claim existed because of the two letters he sent

20 to State Farm threatening litigation.

21    In this case, Plaintiff was similarly aware of the potential

22 claim against Defendants because of the two complaints he filed

23 with DFEH and the two right to sue letters he received prior to

24 filing for bankruptcy.  As indicated above, Hamilton clearly

25 found that "the duty to disclose potential claims as assets does

26 not end when the debtor files his [or her] schedules, but instead

27 continues for the duration of the bankruptcy proceeding."

28 ///

1  <u>Hamilton</u>, 270 F.3d at 785, citing <u>In Re Coastal Plains</u>, 179 F.3d

2  197, 207-208 (5th Cir. 1999).  Plaintiff failed to amend his

3  bankruptcy schedules during the course of and prior to the

4  completion of his bankruptcy.  The fact that Plaintiff was

5  granted a no-asset discharge by the bankruptcy court suggests

6  that the court was unaware of the potential value of Plaintiff's

7  claim and accepted his representations (or lack thereof) in that

8  regard.

9

10         <u>C.  Plaintiff would derive an unfair advantage if not</u>

  <u>estopped from bringing this action.</u>

11

12      The Bankruptcy Code and Rules impose upon debtors "an

13  express, affirmative duty to disclose all assets, including

14  contingent and unliquidated claims."  <u>Hamilton</u>, 270 F.3d at 785,

15  quoting <u>In Re Coastal Plains</u>, 179 F.3d 197, 207-208 (5th Cir.

16  1999).  This requirement protects the interest of the creditors

17  by requiring debtors to be completely candid in regard to their

18  asset disclosures in return for debt relief that may be given.

19  Absent this requirement, the incentive created would be for

20  debtors to conceal their assets and receive debt relief from the

21  court based on false or misleading information.

22      Judicial estoppel in this case is necessary to protect the

23  interest of the creditors.  The creditors could not have known of

24  this potential claim because Plaintiff failed to include it in

25  his schedules.  If Plaintiff is permitted to maintain this

26  action, he will have unfairly received the debt relief benefit

27  from the bankruptcy court at the expense of the creditors.

28  ///

1 In <u>Hamilton</u>, the Ninth Circuit stated it agreed with the Fifth

2 Circuit's analysis in <u>Browning Mfg. v. Mims (In Re Coastal</u>

3 <u>Plains)</u>, 179 F.3d 197 (5th Cir. 1999).  <u>Hamilton</u>, 270 F.3d at

4 785.  In <u>Coastal Plains</u>, the Fifth Circuit judicially estopped a

5 bankrupt individual from bringing all claims against defendant

6 not included in the plaintiff's schedules.  According to the

7 Fifth Circuit, "it is very important that a debtor's bankruptcy

8 schedules and state of affairs be as accurate as possible,

9 because that is the initial information upon which all creditors

10 rely."  <u>Browning Mfg. v. Mims (In Re Coastal Plains)</u>, 179 F.3d

11 197, 208 (5th Cir. 1999).

12      In the bankruptcy at issue herein, no creditor appeared at

13 the Meeting of the Creditors.  Plaintiff's failure to disclose

14 his discrimination claim in his bankruptcy schedules prevented

15 his creditors from assessing that information in deciding whether

16 to attend the Meeting of the Creditors.  The creditors' interest

17 were therefore impaired because they were unaware of the

18 Plaintiff's potential discrimination claim.  Plaintiff gained an

19 unfair advantage by withholding the existence of that claim from

20 his creditors and from subsequently receiving bankruptcy

21 protection in the face of that non-disclosure.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1  **2.   The disclosure of the Plaintiff's potential claim to the**
2  **bankruptcy trustee at the Section 341(a) meeting is insufficient**
   **to overcome judicial estoppel.**

3

4       Plaintiff's sole contention in arguing that judicial

5  estoppel should not apply rests with the argument that the claims

6  asserted in the action were in fact disclosed during the course

7  of the Meeting of Creditors pursuant to 11 U.S.C. Section 341(a).

8  Plaintiff argues that his bankruptcy attorney did disclose the

9  existence of a potential claim for lost wages against Defendants

10 to the bankruptcy trustee during that meeting.[2]   That argument

11 fails.   The Ninth Circuit has expressly found that "notifying the

12 trustee by mail or otherwise is insufficient to escape judicial

13 estoppel.   11 U.S.C. Section 521(1) provides that 'the debtor

14 shall file a list of creditors, and unless the court orders

15 otherwise, a schedule of assets and liabilities.'"   <u>Hamilton</u>, 270

16 F.3d 788, 784.   Accordingly, Plaintiff is estoped from

17 maintaining the present claim despite having informed the trustee

18 of his potential claim for lost wages.

19      Other courts have addressed this issue and have held that

20 judicial estoppel applies when disclosure of an asset is made to

21 the trustee but not included in the schedules.

22 ///

23 ///

24

25      [2]   Pursuant to Rule 201(b) of the Federal Rules of Evidence,
   this Court takes judicial notice of; the transcript of that
26 hearing (is attached to the Declaration of Rosemary Morris in
   Support of Defendants' Reply), Exhibit A as well as the audio
27 recording itself (attached as Exhibit B to the Declaration of
   Kathleen Mastagni) in Support of Plaintiff's Opposition to
28 Defendant's Motion to Dismiss, Exhibit B (audio recording of
   meeting of creditors).

1 The Fifth Circuit has held that the debtor must truthfully list

2 the claim on his schedule of assets, and ... [a] failure to do so

3 is not excused by disclosing the claim in the creditors'

4 meeting."  Superior Crewboats, Inc. v. Primary P & I

5 Underwriters, 374 F.3d 330 (5th Cir. 2004).  The Arizona District

6 Court similarly held that a disclosure to the bankruptcy trustee

7 of a potential claim not listed in the schedules was not

8 sufficient to overcome the judicial estoppel of the claims in

9 district court.  Wietecha v. Dollarhide Fin. Group, Inc., 2006

10 U.S. Dist. LEXIS 44562, 3, 7-8 (D. Ariz. 2006).

11

12 **3.   The omission of the claim on the schedule was not a mistake**.

13

14     In Hamilton, the Ninth Circuit determined that Hamilton's

15 omission was not a mistake because he had "knowledge of enough

16 facts to know that a potential cause of action [existed] during

17 the pendency of his bankruptcy."  Hamilton, 270 F.3d at 784.  In

18 Hamilton, the plaintiff was aware of his pending claim against

19 his insurance company during his bankruptcy, as evidenced by his

20 letters from his lawyers to State Farm.  In the present case,

21 Plaintiff cannot claim he was unaware of his pending claim

22 against Defendants because of the two complaints he filed with

23 DFEH and the two right to sue notices he received.  Therefore,

24 Plaintiff cannot claim he was unaware know of the potential claim

25 because he possessed two right to sue letters prior to filing for

26 bankruptcy.

27 ///

28 ///

12

1     In <u>Hamilton</u>, the district court determined that Hamilton's

2   omission was intentional.  <u>Hamilton v. State Farm Fire &</u>

3   <u>Casuality Ins. Co.</u>, 2000 U.S. Dist. LEXIS 2564 (D. Cal. 2000),

4   <u>aff'd</u>, 270 F.3d 788 (Ninth Cir. 2001).  The court stated that the

5   "circumstances of the instant case do not indicate ... that his

6   non-disclosures were mere oversights; to the contrary, he

7   endeavors throughout his opposition to justify them or minimize

8   their materiality."  <u>Hamilton</u>, 2000 U.S. Dist. LEXIS 2564 at 28.

9   In the present case, not only was Plaintiff well aware of his

10  pending discrimination claim as stated above, his bankruptcy

11  attorney also downplayed the value of the potential claim to the

12  trustee during the Section 341(a) hearing by stating that it was

13  for lost wages only.  There was no mention of any other cause of

14  action to the trustee.

15     In both <u>Hamilton</u> and the present case, Plaintiffs clearly

16  had knowledge of undisclosed facts concerning their potential

17  claims, and the possibility of receiving bankruptcy protection

18  while at the same time asserting those claims supplied a motive

19  to conceal them.  The omission of the present claim during

20  Plaintiff's bankruptcy was intentional because he had knowledge

21  of the underlying facts giving rise to the potential claim and

22  failed to disclose the claim.  Also, there was motive to conceal

23  the claim from the bankruptcy court as evidenced by Plantiff's

24  attorney downplaying the value of potential claim in attempt to

25  preserve it in the form Plaintiff now seeks to litigate in this

26  Court.

27  ///

28  ///

1    While it may appear that the application of judicial

2  estoppel is harsh or unfair, the integrity of the bankruptcy

3  system and judicial comity is more important than any single

4  case, including this one.  However, Plaintiff is not without a

5  remedy.  To the extent the Plaintiff alleges that his attorney

6  advised him not to provide any of the information in the

7  bankruptcy proceedings, the attorney may be subject to

8  malpractice liability.  The Eastern District of Texas addressed

9  this in Estel v. Bigelow Mgmt. Inc. et al., 323 B.R. 918 (E.D.

10  Tex. 2005).  In Estel, the court estopped the plaintiff from

11  bringing a claim he had specifically told his bankruptcy attorney

12  about, however had not been included on the plaintiff's

13  bankruptcy schedules.  Estel, 323 B.R. 918 at 923-24.

14  Furthermore, the court found that the remedy for the plaintiff

15  was a suit for malpractice.  Estel, 323 B.R. at 923, (citing Link

16  v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962).

17                          **CONCLUSION**

18

19    Plaintiff failed to adequately disclose his potential

20  discrimination claim in his bankruptcy proceedings.  The

21  integrity of the bankruptcy system relies on full disclosure of

22  all assets, including potential but unlitigated claims.

23  Plaintiff is therefore judicially estopped from maintaining the

24  discrimination claim in this Court because of his failure to

25  properly inform the bankruptcy court of the claims now asserted

26  in this action.

27  ///

28  ///

14

1    Based on the foregoing, Defendant's Rule 12(b)(6) Motion to

2 Dismiss is granted.[3]  No leave to amend will be permitted since

3 the omission in which dismissed is based cannot be rectified

4 through amendment.

5

6    IT IS SO ORDERED.

7
 Dated: March 8, 2007

8

9
                              _____
10                            MORRISON C. ENGLAND, JR.
                              UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
     [3]  Because oral argument will not be of material assistance,
28 the Court orders this matter submitted on the briefs.  E.D. Cal.
   Local Rule 78-230(h).